STATE OF MAINE *vs.* POPE D. MCKINNON.

Penobscot.    Opinion September 19, 1904.

*Maintaining Liquor Nuisance.    Ownership and control of Building.    Evidence.*

In the trial of an action for maintaining a liquor nuisance, for the purpose of proving the respondent's ownership of the building an office copy of a mortgage of the same was introduced against the respondent's objection. *Held*; that he was not prejudiced thereby as he afterwards testified that he executed the mortgage.

Parol evidence is admissible to prove that a party has made a contract which is in writing, when such contract is not the foundation of the cause but simply a collateral fact, and the contents of the writing are not involved in the case.

On exceptions by respondent.    Overruled.

Indictment against the respondent for maintaining a liquor nuisance in the building known as the Globe Hotel in Bangor.

The case is sufficiently stated in the opinion.

*Bertram L. Smith,* County Attorney, for State.

It is well settled that secondary evidence of the contents of a writing or document may be given when it does not form the foundation of the cause, but merely relates to some collateral fact.

Among other cases, counsel cited *Scullin* v. *Harper,* 78 Fed. Rep., 460, 25 Am. & Eng. Ency. Law, 2d Ed. 173, *Phinney* v. *Holt,* 50 Maine, 570; *Ayer* v. *Hewitt,* 19 Maine, 281.

*W. R. Pattangall,* for respondent.

The written contract was primary evidence. No excuse for not offering it was suggested. Secondary evidence of its contents was not admissible. The fact that respondent afterwards admitted that such a contract existed has no bearing, as up to the time of the admission of the evidence he was under no obligation to take the stand. The evidence should have been excluded.

SITTING: WISWELL, C. J., EMERY, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Indictment against the respondent for maintaining a liquor nuisance in the building known as the Globe Hotel in Bangor. The exceptions present two points.

The building was personal property, and for the purpose of proving the respondent's ownership of the same and that he had executed mortgages thereof, against his objection the records of the City Clerk were admitted in evidence, in which mortgages purporting to have been executed by the respondent were recorded, no evidence having been offered otherwise than the record of the execution of said mortgages.

The defendant testified that he executed these mortgages, and this point is not relied upon in argument by the respondent's learned counsel. The respondent's acts, the fact that he had mortgaged and dealt with the property as his own, were admissible against him on the question of title. His admission was coextensive with the evidence objected to; and it is self evident that he could not be prejudiced by a refusal to require more formal proof of the execution of documents which he admitted he had executed.

For the purpose of proving that the respondent had control of the hotel and made contracts connected therewith, a witness for the State was permitted to testify against objection that there was a telephone service at the hotel, and that the contract, which at the time of the trial was in Boston, was in the name of the respondent. The contract itself was undoubtedly the best evidence both of its existence and contents, but in cases where the written agreement is collateral to the question at issue it need not be produced. · 1 Green. Ev. § 89. Secondary evidence of the contents of documents is admissible when they do not form the foundation of the case but relate simply to collateral facts. 25 Am. & Eng. Ency. Law, 2d Ed. 173. Parol evidence of the contents of a paper may be given when the paper is not the foundation of the cause of action, but merely relates to some collateral fact. *Gilbert* v. *Duncan*, 29 N. J. L. 133, *Tucker* v. *Welsh*, 17 Mass. 160. Here the issue was whether the respondent main-

tained a liquor nuisance in the hotel. The fact that he had made a contract in regard to its telephone service, while admissible as tending to show his control of the property, was not the foundation of the charge made in the indictment.

These authorities go further than is necessary to support the ruling in the present case. The evidence admitted did not involve proof of the contents of the writing, but simply the fact that the respondent had made a contract irrespective of its terms. It is like the case stated in 1 Green. Ev. 87: "If the fact of the occupation of land is alone in issue without respect to the terms of the tenancy, this fact may be proved by any competent oral testimony, such as payment of rent or declarations of the tenant, notwithstanding it appears that the occupancy was under an agreement in writing; for here the writing is only collateral to the fact in question." The evidence was not offered to prove the contents of a writing, but simply to prove a collateral fact that the respondent had made a contract which happened to be in writing, the contents of which were not involved in the case.

*Exceptions overruled.*