The Elgin, Joliet and Eastern Railway Company

*v.*

Sarah Ann Thomas, Admx.

*Opinion filed April 17, 1905.*

1. Railroads—*when party is not a trespasser.* A stock shipper having transportation from shipping point to destination has the right, when a junction is reached where his cars are switched to another road, to go into the yards for the purpose of looking after his stock, and in so doing is not a trespasser.

2. Evidence—*when admitting parol proof is not reversible error.* Permitting the son of the plaintiff's intestate to testify that he found in his father's satchel, after he was killed, transportation over the defendant's road to the destination of the stock shipment he was accompanying, is not reversible error, although the transportation was not produced in evidence, where there is no controversy over the contents thereof.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Grundy county; the Hon. S. C. Stough, Judge, presiding.

Knapp, Haynie & Campbell, and J. L. O'Donnell, for appellant.

Reeves & Boys, and D. R. Anderson, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This was an action on the case commenced by the appellee in the circuit court of Grundy county to recover damages against the appellant for negligently causing the death of her intestate, David E. Thomas. The jury returned a verdict in favor of appellee for the sum of $2300, upon which verdict judgment was rendered in her favor. An appeal was prosecuted to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed, and the record has been brought to this court, by appeal, for further review.

It is first contended that the trial court erred in declining to take the case from the jury. It appears from the evidence of the appellee, the appellant having introduced no testimony, that her husband, David E. Thomas, shipped three cars loaded with cattle from Veedum, Wisconsin, to Dell Abbe, Illinois, where he resided; that he accompanied the cattle from Veedum to Roundout, in this State, over the Chicago, Milwaukee and St. Paul railroad; that the tracks of that railroad at Roundout are connected with the tracks of appellant by a "Y;" that on the arrival at Roundout of the train of which said cars formed a part, the cars containing the cattle were transferred from the tracks of the Chicago, Milwaukee and St. Paul Railroad Company to appellant's tracks, and were placed upon one of appellant's side-tracks some half mile west of its depot at that place; that on the way from Veedum to Roundout Thomas rode in the caboose attached to the freight train containing said cars; that after the cars had been placed upon appellant's side-track Thomas walked down the right of way of appellant to where said cars were standing and examined his cattle, for the purpose of ascertaining if they were in proper condition; that while he was making such examination an employee of appellant inspected said cars and made repairs upon one or more of them; that immediately west of and coupled to the cars containing said cattle, a car loaded with horses stood upon said side-track; that after examining his cattle Thomas conversed for a few moments with the man in charge of the horses in said car; that he then walked north and west around the west end of a string of empty cars which stood upon a side-track immediately north of the side-track upon which the cars loaded with his cattle stood, and went over to the fence bordering the right of way of appellant's road and climbed up and sat thereon, and talked for a time with a farmer who was at work in the adjoining field; that he thereafter returned to the car loaded with horses, which he entered, where he remained for some time visiting with the man in charge of the

horses, who entertained him while he was in the car by playing upon a musical instrument; that from the time he arrived at the cars containing his cattle to the time of his injury something like an hour elapsed; that the caboose which was to be attached to the train which was to take the cars containing the cattle to Dell Abbe stood upon the second track north of the track upon which the cars loaded with the cattle stood, and some rods east thereof; that an engine was observed by Thomas and the man in charge of the horses in the yards of appellant making up the train which was to convey the cars containing Thomas' cattle to Dell Abbe; that Thomas remarked to the man in charge of the horses that he would go back and get into the caboose; that he immediately started to go around the string of empty cars which stood north of and extended west of the end of the car containing said horses; that just as he was crossing the track upon which the string of empty cars stood, and while near the west end of the west car, another engine doing switching in the yards made a flying switch and threw violently against said string of empty cars one or more cars, which caused said empty cars to move rapidly toward the west, and Thomas was struck by the west end of said string of empty cars and knocked down and run over and killed. No person was upon the string of empty cars the west one of which struck Thomas, or upon the car or cars that were thrown against said empty cars at the time of the injury.

Thomas had in his possession, at the time he was killed, transportation issued by the Chicago, Milwaukee and St. Paul Railroad Company entitling him to be transported upon the train carrying his cattle from Veedum to Dell Abbe, and the appellant, immediately after his death, placed the cars containing his cattle in the train which was being made up at the time he started to go back to said caboose, and transported them, as a part of such train, to Dell Abbe.

We think it clear from the evidence of appellee, which must be taken as true for the purposes of a decision of the

question now under consideration, with the inferences which may legitimately be drawn therefrom, that Thomas was not a trespasser upon the tracks of appellant at the time he was knocked down and killed, but that he had the right, after the cars containing his cattle were placed in the yard of appellant, to go into its yard for the purpose of looking after his cattle, and that the questions of whether the appellant was guilty of negligence or Thomas was guilty of contributory negligence at the time of the injury were questions of fact, which were properly left by the court to the jury, and that the court did not err in declining to direct a verdict in favor of appellant.

It is next contended that the trial court erred in permitting a son of Thomas to testify that he found in his father's satchel, which was in his possession at Roundout and was forwarded to his home by express by the coroner of Lake county, railroad transportation for his father from Veedum to Dell Abbe, which transportation was not introduced in evidence, on the ground that the effect of said testimony was to permit the appellee to establish by parol proof the contents of a written instrument. The only object of the testimony was to establish the fact that Thomas had in his possession, at the time of his death, railroad transportation from the point from which he shipped his cattle, in Wisconsin, to the point in Illinois where the cattle were to be unloaded. The contents of the transportation were not in controversy, but only the fact whether Thomas had in his possession such transportation at the time he was killed. Under the authority of *Chicago City Railway Co.* v. *Carroll,* 206 Ill. 318, we do not think the admission of such parol testimony constitutes reversible error.

It is also contended that the court misdirected the jury, on behalf of the appellee, as to the law. But one instruction was given upon her behalf, and that related to the measure of damages. An instruction similar to the one given in this case on behalf of appellee was given in *Illinois Central Rail-*

*road Co.* v. *Gilbert,* 157 Ill. 354, and approved by this court, and we do not think the case should be reversed by reason of the giving of said instruction.

Finding no reversible error in this record the·judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*