## No. 10,189.

### THE COLORADO & SOUTHERN RAILWAY CO. *v.* FORD.

Decided November 7, 1921.

Action for damages to an automobile in a railroad crossing accident. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. AUTOMOBILES—*Railroad Crossings.* Reasonable care in approaching a railroad crossing requires a motorist to look and listen, but ordinarily does not require him to stop, unless looking and listening would be ineffectual without his doing so.

2.  NEGLIGENCE—*Contributory*.  Evidence reviewed and held not to establish contributory negligence, as a matter of law, in a railroad crossing accident.

> The victim of an accident is entitled to have his conduct judged in the light of the surrounding circumstances and conditions, and if it appears, when so judged, to be that of a reasonably prudent person, he cannot be said to be guilty of negligence.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. E. E. WHITTED, Mr. J. L. RICE, Mr. J. Q. DIER, for plaintiff in error.

Mr. W. E. CLARK, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages resulting to an automobile in an accident at a railroad crossing. The plaintiff recovered a judgment, and the defendant brings the cause here for review, applying at this time for a supersedeas.

The complaint charged negligence, and as to that matter there is now no controversy. The answer set up the defense of contributory negligence.

Counsel for plaintiff in error state, and we likewise find, that the assignments of error present but one question for our determination, and that is whether or not as a matter of law the plaintiff was guilty of such contributory negligence as to bar recovery. Only so much of the evidence as is sufficient to dispose of this question will be hereinafter stated.

On April 17, 1920, at about ten o'clock P. M., the plaintiff, accompanied by other persons, was driving an automobile, proceeding south on Logan Street, in the City and County of Denver. The railroad track of The Colorado & Southern Railway Company, the defendant, crosses Logan Street diagonally, at a point toward which plaintiff was driving. As plaintiff was nearing this place, the crossing was being approached by a passenger train of the defend-

ant. The train was being drawn by a locomotive traveling backward, the tender being ahead. The plaintiff's evidence is to the effect that he was driving at the rate of from ten to twelve miles per hour when approaching the crossing; and, that when he was "thirty to fifty feet" from the crossing he saw a dark object, the tender of an engine, approaching.

On seeing the moving locomotive tender, the plaintiff believed that his machine would collide with it if he attempted to stop; in other words, that the automobile could not be stopped before reaching the track. Plaintiff thereupon stepped upon the accelerator, increasing the speed of the car, in an attempt to cross the track ahead of the train. In doing so, he steered the automobile toward the right, so that it would reach the track at a point a short distance away from where the locomotive then was, and approaching the crossing from his left. He succeeded in getting his machine across the track at that point before it was reached by the train. A collision was avoided. The track at the point where plaintiff crossed it is beyond or near the edge of the intersection of the street and the railroad right of way, and crossing arrangements are not provided for, the rails not being planked. As a result of driving the automobile across the track, over unplanked rails, beyond the usual crossing place, the machine was damaged.

The plaintiff testified that at the time of the accident no bell was ringing upon the locomotive; no bell signal system was in operation at the crossing, and that there were no lights of any kind upon the approaching locomotive tender.

The street on which plaintiff was traveling was wet, muddy and slippery. The curtains of the automobile were in use, so that the car was enclosed, except for an open space at the driver's, the plaintiff's left.

Referring to the occasion of approaching the crossing, the plaintiff testified:

"I looked and listened because I always was familiar that there was a track there, and always bore that in mind.

I didn't hear anything and didn't see anything, and all of a sudden this black object appeared.

"I stepped on it and turned it off to one side to get across because I knew if I went to stop it would hit me.

"Q.  Now, when you stepped on it, as you say, you mean you put your foot on the accelerator?  A.  Yes.

"Q.  In an endeavor to get ahead of the tender to avoid a collision?  A.  Yes."

The plaintiff did not stop in approaching the railroad crossing, but it is not claimed, and it could not be held, that because of such fact alone the plaintiff was guilty of contributory negligence.  In section 685, Berry Automobiles (3rd ed.), the author, citing many cases, says:

 "In most of the states the rule is that reasonable care in approaching a railroad crossing does not ordinarily require a motorist to stop, but that it does require him to look and listen, and to exercise reasonable care to select a place where the act of looking and listening will be reasonably effective.  Generally, stopping is not essential unless both seeing and hearing are ineffectual without doing so."

The defendant's train was traveling slowly, and, pointing out this fact, counsel for defendant assert that "it is a vain thing for the plaintiff to assert that he looked and listened."  This contention may be disposed of, as it was in *Union Pacific Co. v. Larson*, 66 Colo. 15, 17, 178 Pac. 573, and in the same language, to-wit:

"In this case, however, the question of whether plaintiff, had he looked, must of necessity have seen the engine approaching is in sharp dispute.  It does not conclusively appear, had he looked and listened as he claims he did, that he must have seen his danger in time to have avoided it."

The point most pressed by plaintiff in error is that the speed of plaintiff's automobile was such that he could not stop after he did see the engine tender, and it is contended, in effect, that this shows that plaintiff was not in the exercise of due care.  In this connection the opinion in *Great*

*Western Ry. Co. v. Lee,* 70 Colo. 140, 198 Pac. 271, is relied on. That case, however, is distinguishable from the instant case. It involved no facts concerning danger from collision with a locomotive traveling backward, without lights, in the night-time. The conclusion there reached was in the light of the rule that a motorist must use care proportioned to the probable danger, in passing over railroad crossings. Applying the same rule in the instant case, we cannot say that the facts show, as a matter of law, that the plaintiff did not use such due care. In *Van Auken v. Ry. Co.,* 96 Mich. 307, 55 N. W. 971, 22 L. R. A. 33, the court said:

"And we think it should be at least a question for the jury as to whether a traveler is in fault in failing to anticipate and guard against such an unusual thing as the running of a train without a headlight."

The case of *Hines v. C. M. & St. P. Ry. Co.,* 105 Wash. 178, 177 Pac. 795, was an action by one who while proceeding in his automobile was struck at a crossing by a locomotive moving backwards in the dark without a headlight. The court there held that the plaintiff, under the circumstances, was not guilty of contributory negligence as a matter of law in failing to stop before driving onto the crossing. The opinion in that case applies a rule which well might be observed in the instant case, and states it by quoting from *Hull v. S. R. & S. R. Co.,* 60 Wash. 162, 110 Pac. 804, as follows:

"A victim of an accident is entitled to have his conduct judged by the circumstances surrounding him at the time of the accident—by the conditions as they appeared to one in his then situation—and if his conduct when so judged appears to be that of a reasonably prudent person, he cannot be said to be guilty of negligence."

In the light of the rules hereinbefore stated, we do not find that the plaintiff was guilty of contributory negligence as a matter of law from the facts appearing in the record. There is no error in the rulings complained of, all of which involve the question above discussed.

The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.