[No. 19201. Department Two. July 15, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD STEVENS, *Appellant.*[1]

EVIDENCE (71)—BEST AND SECONDARY EVIDENCE—BOOKS OF ACCOUNT. Oral evidence of an officer of a bank is admissible upon an issue as to the state of an account of a depositor, the books of account not necessarily being the best evidence.

LARCENY (25)—UNLAWFUL ISSUANCE OF CHECK—EVIDENCE—SUFFICIENCY. In a prosecution for larceny, want of funds in a bank, on which accused issued a check, is sufficiently shown by the testimony of an officer of the bank that the account had been "closed;" especially where accused several times admitted that he was without funds in the bank at the time in question.

CRIMINAL LAW (388)—APPEAL—PRESERVATION OF GROUNDS—MISCONDUCT OF COUNSEL. Error cannot be assigned upon the misconduct

[1] Reported in 237 Pac. 723.

of the prosecuting attorney in stating to the jury that he would
prove certain facts constituting other crimes committed by the ac-
cused, where the trial court, upon sustaining an objection, was not
requested to instruct the jury to disregard it.

SAME (451)—APPEAL—HARMLESS ERROR—CONDUCT OF COUNSEL.
Such a statement is without prejudice, where there was no evidence
offered to prove it.

SAME (388)—APPEAL—PRESERVATION OF GROUNDS—ARGUMENT OF
COUNSEL. Error can not be assigned on misconduct of the prosecut-
ing attorney in his final address, in the absence of any exception
thereto.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered June 26, 1924, upon a
trial and conviction of grand larceny. Affirmed.

*E. F. Kienstra,* for appellant.

*Malcolm Douglas* and *R. L. Bartling,* for respondent.

FULLERTON, J.—The appellant, Stevens, was con-
victed of the crime of grand larceny. The facts dis-
closed by the record are, in substance, these: Late on
a Saturday evening the appellant appeared at the place
of business of the Benjamin Franklin Electric Com-
pany of Seattle, then in charge of one H. W. Goodrich,
and stated to Goodrich that he desired to purchase a
washing machine. He was shown different machines
and finally selected one as suitable. He then inquired
as to the terms on which the machine could be pur-
chased, and was told that it could be purchased by pay-
ing ten dollars down and ten dollars per month until
the balance was paid. He said he could do better than
that; that he could pay twenty-five dollars down and
the balance in monthly installments of twenty-five dol-
lars each. The appellant then produced a check for
$65.45, payable to himself, purported to be signed by
one Allen D. Hunt, and explained that he was engaged
in the insurance business, that the check was obtained
by him in payment of an insurance premium, and that
he desired to take the difference between the amount

of the check and the amount of the first payment on the machine in cash. Goodrich took the check in his hands and examined it, and concluded to make the sale. He procured a blank form of contract used by the electric company in making deferred payment sales, filled in the blanks in accordance with the terms of the contract, and passed it to the appellant for his signature. At the same time he handed him the check, turning it over for his indorsement. Goodrich then turned to the safe and counted out the money making up the difference between the amount of the check and the first contract payment, and did not observe the actions of the appellant. The appellant signed the contract, but did not indorse the check, turning it face up so that the fact was concealed. Goodrich thereupon took the contract and check into his possession, turned the money over to the appellant, who took it and departed.

During the course of the negotiations, the appellant gave an address of a place in the city of Seattle at which he desired the machine delivered. On the Monday morning following, Goodrich, still believing in the good faith of the transaction, sent the washing machine to the place designated, sending the check along also for the purpose of having it indorsed. No one was found at the place to receive the machine, nor was the appellant found thereat, and both the machine and the check were returned to the place of business of the electric company. Further inquiry developed the fact that the maker of the check had no account with the bank on which the check was drawn. It developed also, and was shown at the trial, that the appellant had at one time made a small deposit with the bank under the name of Hunt, but that this account had been closed by the bank prior to the transaction with Goodrich, and further developed that Stevens and Hunt were only

different names which the appellant had adopted in the furtherance of his purposes. There was no repayment of the amount received in cash by the appellant either to Goodrich or to the electric company.

The appellant's first contention is that the evidence is insufficient to justify the verdict. The state was permitted to show by the oral testimony of the cashier of the bank that the appellant had closed his account with the bank prior to the time of the negotiations for the purchase of the washing machine, and at that time had no deposit therein under the name of Hunt or under any other name. It is argued that this evidence was not competent, that the books of the bank were the best evidence, and that without proofs of this fact there was no evidence of want of funds for the payment of the check. But the argument mistakes the rule. It is the rule, no doubt, that books of account are the best evidence of the matters which they contain, but where the inquiry is as to the state of the account of a depositor with the bank they are not necessarily the best evidence. It is competent to show by oral testimony that a person has a deposit with a bank, or has had such a deposit and has withdrawn it, regardless of the condition of the bank's books, and any person who knows the fact and is otherwise competent to be a witness may testify orally thereto. Indeed, books of account have ever been regarded as a species of secondary evidence, admitted as primary evidence because of the necessities of the case, and are not held to preclude other competent evidence of the same fact. Greenleaf on Evidence (14th ed.), § 117; 16 C. J., p. 615; *Elderkin v. Peterson,* 8 Wash. 674 (1. c. 685), 36 Pac. 1089; *Hull v. Seattle, Renton & Southern R. Co.,* 60 Wash. 162, 110 Pac. 804; *Halverson v. Seattle Electric Co.,* 35 Wash. 600, 77 Pac. 1058.

It is further argued under this head that the oral evidence introduced is insufficient to show that the appellant did not have sufficient funds in the bank to meet the check at the time the appellant delivered it to Goodrich, conceding its admissibility. This is founded on the fact that the witness testifying to the state of the account between the bank and the appellant used the word "closed" in expressing its condition. It is argued that this does not necessarily mean that funds to meet the check were not in the bank, and in this connection attention is called to the fact that there was no formal presentation of the check to the bank for payment. But the record does not leave the question in doubt as to the state of the account. That the appellant had no funds in the bank at the time the transaction with Goodrich occurred, is the only inference that can be drawn from the witness's testimony as a whole, and it was elsewhere shown that the appellant several times admitted that he was without funds in the bank at the time the check was delivered to Goodrich. Nor was a formal presentation of the check necessary to establish the fact of want of funds, or to establish the fact that the check would not be paid. This may be shown by more direct testimony, and here enough appears to warrant the jury in finding that it would not have been paid by the bank if presented.

The prosecuting attorney, in his opening statement to the jury, after outlining the facts he expected the evidence to establish, made this further statement, namely:

"Now, to show that the defendant knew that he had no right to draw that check, his true name being 'Edward Stevens,' he went to the Queen City Bank and opened up an account under the name of 'Allen D. Hunt,' depositing some money. Then he went back

later and deposited three checks, which he admits to the bank cashier and to others that he had forged.''

At this point he was interrupted by the defendant's attorney, who made the objection that evidence of the fact that he had presented to the bank forged checks was inadmissible. The matter was then argued to the court in the absence of the jury, after which the court ruled that the evidence was no part of the state's case in chief. The jury were then recalled and the prosecuting attorney concluded his opening statement to the jury without further reference to the matter. The record does not show that the appellant requested the court to give any instruction to the jury with regard to the statement, nor does the record show that the state offered any evidence at the trial to prove the fact thus outlined. The appellant, however, contends that the matter was in itself such gross impropriety on the part of the prosecuting officer as to require a new trial. But we cannot so regard it. The objection made to the statement, the court sustained, and the court was not asked to do more. There are, of course, certain errors which the court may make which are not deemed waived even though not excepted to; such, for example, as a comment by the court upon the evidence, a statement that the evidence proves a fact upon which the evidence is conflicting, and a failure to charge the jury that no inference of guilt is to be drawn from the fact that the defendant does not take the witness stand. We have held also that a defendant in a criminal case will not be held to an agreement to take the verdict of a jury where the verdict is by a less number than the whole of the jury. But for all of the more common errors, a failure to object at the proper time is a waiver of the error. Statements of the prosecuting attorney as to the facts he expects to prove are of

this latter class.  It could at most be nothing more than misconduct on the part of the attorney, and we have repeatedly held this not ground for setting aside the verdict, unless the court was asked to correct it and the request was disregarded by the court.  *State v. Bailey,* 31 Wash. 89, 71 Pac. 715; *State v. Johnson,* 103 Wash. 59, 173 Pac. 723; *State v. Hood,* 103 Wash. 489, 175 Pac. 27.

But perhaps the best answer is that the statement was without prejudice in any event.  The attorney was but stating what he expected the evidence to prove, and, since no evidence was offered to support it, it will not be presumed that the verdict of the jury was influenced thereby.  But, more than this, it is our opinion that the court here too narrowly restricted the evidence on the part of the state.  The evidence was intended to meet one of the very objections the appellant raises on this appeal, namely, that the bank had funds out of which the check could have been paid.

The final objection is that the prosecuting attorney was guilty of improper argument to the jury in his closing address.  But to this it is a sufficient answer to say that no objection was taken to it at the time.  This prevents its review on appeal.  *State v. Johnson, supra.*

There is no error in the record and the judgment will stand affirmed.

TOLMAN, C. J., HOLCOMB, MACKINTOSH, and MAIN, JJ., concur.