# No. 15,854.

## INTERSTATE MOTOR LINES *v.* NEAL.
### (179 P. [2d] 665)

Decided April 7, 1947.   Rehearing denied April 21, 1947.

Messrs. WOLVINGTON & WORMWOOD, for plaintiff in error.

Mr. CHARLES R. ENOS, for defendant in error.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

AN action in tort for damages. Plaintiff in error was defendant, and defendant in error was plaintiff, below.

About seven o'clock P.M. on November 7, 1944, a freight train ran into defendant's tractor and trailer at a railway crossing in Larimer county, Colorado. The locomotive was derailed and turned over, and both the engineer and fireman sustained personal injuries for which they brought separate suits and enjoyed favorable verdicts and judgments.

Plaintiff's evidence indicated (defendant offered none) that the train, as it approached the crossing, was proceeding in a westerly direction at the rate of twenty to twenty-five miles per hour. The headlight of the locomotive was burning, the bell ringing and the whistle had been blown for the crossing. Defendant's tractor and trailer coming from the south, at a speed of thirty-five miles per hour, was driven upon the track in front of the train when it was so close to the crossing that the engineer did not have time to apply the emergency brakes before the collision. At the close of plaintiff's case, defendant moved for a nonsuit on the ground that

plaintiff had failed to sustain the burden of proof. The court overruled the motion; exception was allowed, and defendant rested.

■ 1. It is claimed, first, that plaintiff failed to sustain the burden of proof and therefore judgment should have been entered for defendant. The jury, proceeding on competent evidence, found otherwise. The undisputed evidence shows that the headlight of the locomotive was burning and threw an effective light for twelve hundred feet. It is clear that the driver of defendant's tractor and trailer did not look before entering upon the crossing. If he had, he could not have avoided seeing the train, for he had an unobstructed view of it. True, he did not testify, but, "From all the facts and circumstances, there is but one conclusion deducible, viz., he did not look; because, if he had, he could not have failed to discern the train approaching the crossing he was about to drive over." *Westerkamp v. C.B. & Q. Ry. Co.,* 41 Colo. 290, 297, 92 Pac. 687. The accident was the direct result of carelessness and negligence of defendant's employee. It was incumbent upon him not only to look and listen, but to select a place where the act of looking and listening would be reasonably effective. This he did not do. *Colorado & S. Ry. Co. v. Ford,* 70 Colo. 408, 201 Pac. 892.

■ 2. It is next alleged that the court erred in giving instruction No. 8, particularly that sentence which reads: "It was the duty of the driver of the truck to pick out a point where he could look effectively and hear effectively, and come to a stop if necessary, even if to do so he has to stop before reaching the track." This court has held that the duty of the traveler may require him to stop in order to render looking and listening effective. *Chicago R.I. & P. Ry. Co. v. Crisman,* 19 Colo. 30, 34 Pac. 286.

■ 3. Finally, it is contended that the court erred: (1) In refusing to give defendant's requested instruction No. 1 on unavoidable accident. An unavoidable

accident is defined as, "one * * * which ordinary care and diligence could not have prevented * * * an accident occurring not because of negligence." 1 C.J.S., p. 443. In the instant case the collision was caused by the truck driver's negligence. Clearly it was avoidable. The court was right in refusing the instruction. (2) In refusing to give defendant's requested instruction No. 2, on the violation of safety rule as to blowing the whistle. The evidence showed, however, that the whistle was blown until the crossing was approximately reached. The request was properly refused because there was no evidence to support it. (3) It is next claimed that the court erred in refusing defendant's requested instruction No. 5, on excessive rate of speed. The request was properly refused, first, because it contained a number of statements not supported by any evidence in the case. For instance, it reads in part, "where the train is being operated at night without a headlight or without an adequate headlight." The evidence herein discloses that the locomotive was equipped with an adequate headlight, which was operating and threw an effective light for twelve hundred feet. It contains the further clause: "Or where the peril of the traveller is known to the plaintiffs." There is no evidence in the case to that effect. On the other hand, defendant's tractor and trailer, proceeding at a speed of thirty-five miles per hour, was driven upon the railroad track, when the train was so close to the crossing that the engineer did not have time to apply the emergency brake before the collision occurred. The crossing involved herein was not in any city or town, but out in the open country. No statute or ordinance was violated. *Colorado & S. Ry Co. v. Honaker,* 92 Colo. 239, 19 P. (2d) 759, is cited as supporting the requested instruction. In that case, however, a train was running thirty-five miles per hour in a busy section of the city of Fort Collins. Mr. Justice Butler, speaking for the court said: "The violation of the speed ordinance, of course, was negligence per se."

The freight train in question here was proceeding at twenty-five miles per hour, its usual rate of speed. There was no evidence of excessive speed, and, "It is not for this court or for a jury to say that such speed in the open country is illegal or negligent." *Jordan v. Osborne,* 147 Wis. 623, 133 N.W. 32. See, also, *Smith v. Chicago N.S. & M. R.R.,* 180 Wis. 259, 193 N.W. 64.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.