[No. 36573. Department Two. March 7, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH L. KONTRATH, *Appellant*.*

*Norman S. Johnson,* for appellant.

*John J. Lally* and *Richard P. Guy,* for respondent.

OTT, C. J.—December 26, 1961, at approximately 2:00 p. m., Kenneth L. Kontrath, aged 19, deposited $10 in cash and opened a checking account in his name in a Spokane bank. On the same afternoon, Kontrath wrote checks on his account as follows: To Payless Drug Store for $20 for which he received merchandise and cash; to Emry's Clothing Store for $75, in payment of his previous open account of $24.98 and that of his friend, William D. Smith, in the

*Reported in 379 P. (2d) 359.

sum of $43.56, and received the balance of $6.46 in cash; to Payless Drug Store for $35 for $10.07 in merchandise and the balance in cash. Later in the afternoon, he returned to Emry's Clothing Store where he was informed that he did not have sufficient funds on deposit to pay the $75 check. He promised to make it good, and thereupon the manager reinstated his indebtedness as an open account. Later in the evening, he wrote a check for $30 to the Ridpath Hotel for which he received cash. On the morning of December 27, 1961, he wrote a check to Sears, Roebuck & Co. for $35 for which he received cash.

At approximately 1:00 p. m., December 27th, the manager of the Ridpath Hotel called Kontrath and Smith to his office. Kontrath acknowledged that his deposit in the bank was insufficient, and thereupon paid $20 in cash on his account and agreed to pay the balance later.

Shortly thereafter, two officers of the city police department talked with Kontrath and Smith. Kontrath gave them a list of the checks he had written and stated that he had expected to pay them from the settlement of a personal injury claim which arose in California.

He was arrested and charged with the crime of grand larceny, under the provisions of RCW 9.54.010(2), in count 1 of the amended information for the $35 check to the Payless Drug Store, in count 2 for the $30 check to the Ridpath Hotel, in count 3 for the $35 check to Sears, Roebuck & Co., and with the crime of petit larceny in count 4 for the $20 check to Payless Drug Store. All of the checks described in the amended information were paid prior to trial.

The jury returned a verdict of not guilty as to count 1, and guilty as charged in counts 2, 3, and 4. From the judgment and sentence entered upon the verdicts of guilty, the defendant has appealed.

■ Appellant challenges the sufficiency of the evidence to sustain the verdicts, contending that the state failed to prove that any of the checks were ever presented to the bank for payment. Presentment at the depository for

payment, and the bank's refusal to pay, are not statutory elements of the crime of larceny. In *State v. Stevens*, 135 Wash. 361, 365, 237 Pac. 723 (1925), we said:

" . . . That the appellant had no funds in the bank at the time the transaction with Goodrich occurred, is the only inference that can be drawn from the witness's testimony as a whole, and it was elsewhere shown that the appellant several times admitted that he was without funds in the bank at the time the check was delivered to Goodrich. Nor was a formal presentation of the check necessary to establish the fact of want of funds, or to establish the fact that the check would not be paid. . . . "

We find no merit in appellant's contention.

Appellant next assigns error to the admission in evidence of the $75 check issued to Emry's Clothing Store (exhibit No. 8), upon which no criminal charge was predicated, and to the court's refusal to give appellant's requested cautionary instruction relative thereto. At the time the check was offered in evidence, the following colloquy took place in the presence of the jury:

"MR. GUY: This [exhibit No. 8] is also being offered as an exemplar. THE COURT: The Court understands, of course, there is no charge against the defendant involving this, and I understand it is being offered as an exemplar. As long as everybody understands that there is no charge against the defendant involving this check, but it is just as an exemplar of handwriting—is that what your position is? MR. GUY: Yes. MR. JOHNSON: As long as that is all it is being offered for, I have no objection. THE COURT: Very well. MR. GUY: I am offering Plaintiff's Exhibit No. 8 into evidence as Plaintiff's Exhibit No. 8. THE COURT: It is admitted."

Defendant's requested instruction No. 2 is as follows:

"Any evidence which may have been received in this case concerning the check other than those upon which the various counts of the information are based, has been permitted by the Court for only one purpose and that is for the bearing, if any, you may consider it to have upon the question of the defendant's intent as regards the checks described in the information. If you consider such evidence you should consider it only if and only insofar as you find

it bears upon the question of defendant's intent as to the checks described in the information."

The appellant excepted to the court's refusal to give his requested instruction as follows:

"May it please the Court, the defendant excepts to the failure of the Court to give defendant's requested Instruction No. 2, relating to any evidence concerning a check other than those upon which the various counts of the information are based, for the reason that the jury should be restricted—should be instructed to give limited consideration to that evidence. THE COURT: Well, as I pointed out before, Mr. Johnson, if I do that, that would limit the consideration of the jury of that particular exhibit for the purpose of comparing the signature, and I don't think it should be so limited."

The check to Emry's Clothing Store, exhibit No. 8, was for a larger amount than the sum of the two checks which formed the basis for the two felony convictions. The check was enlarged from its original size of 3 x 6 inches to 11 x 22 inches for handwriting comparison purposes (exhibit No. 11). The circumstances concerning its issuance constituted a part of the testimony of six witnesses for the state, and of Kenneth L. Kontrath and William Dean Smith for the defense.

Appellant concedes that exhibits Nos. 8 and 11 were properly admitted for two limited purposes—handwriting comparison and the evidence surrounding the execution and delivery of the check to establish a design or scheme to defraud. Appellant contends, however, that it was prejudicial error to refuse to instruct the jury to that effect, when such an instruction was requested. See *State v. Sedam,* 46 Wn. (2d) 725, 284 P. (2d) 292 (1955).

The evidence, if believed, did tend to establish an offense not charged in the amended information. The court's refusal to give appellant's requested instruction allowed the jury to give unlimited consideration to the evidence surrounding the Emry's Clothing Store check. One is entitled, upon request, to a cautionary instruction limiting the consideration a jury shall give to evidence which

has been admitted for a special purpose. *State v. Cooke,* 59 Wn. (2d) 804, 810, 371 P. (2d) 39 (1962), and case cited.

The colloquy, quoted above, between the court and counsel at the time exhibit No. 8 was admitted in evidence, was not directed to the jury, and did not specifically apprise the jury that they could consider the exhibit for a limited purpose only. What consideration the jury gave to the questioned evidence cannot be determined. Under these facts, the court's failure to give appellant's requested instruction No. 2 or in any other manner to caution the jury with reference thereto constituted prejudicial error.

We find no merit in appellant's remaining assignments of error.

The judgment is reversed, and the cause remanded with instructions to grant the appellant a new trial.

DONWORTH, FINLEY, WEAVER, and HAMILTON, JJ., concur.