[No. 36454. Department One. October 3, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD MICHAEL GILMAN, *Appellant.**

*W. D. Palmer, Sr.*, for appellant.

*Charles O. Carroll* and *William L. Kinzel*, for respondent.

HALE, J.—This is an appeal from a conviction on two counts of robbery.

Two armed men entered the home of Frank Goodell in King County on the night of July 14, 1961, at about 10 o'clock. While one of the men stood guard over a number of persons in the house, the other man took Mr. Goodell to the Tradewell store of which he was the manager, forced

*Reported in 385 P. (2d) 369.

him to open the safe and to hand over a large sum of money. Appellant Gilman was positively identified by two of the persons in the Goodell home as the man who stood guard over them, and he met the general description given by the other witnesses.

Appellant directs his first assignment of error to the denial of his motions made during the trial for the production of written statements in the hands of the prosecuting attorney. He intended to employ these statements during cross-examination. Four witnesses testified they were present at the Goodell house and described in detail the events taking place there. During the cross-examination of these witnesses, each testified that he had given a written statement about the crime to the sheriff's officers shortly after the event. Appellant then moved the court to order the prosecution to produce these written statements for his use in cross-examining the respective witnesses. None of the witnesses was asked what the statements contained, nor were any inconsistencies shown between the written statements and the testimony of the respective witnesses. Appellant made no pretrial demand for the production of the statements.

In *State v. Thompson*, 54 Wn. (2d) 100, 338 P. (2d) 319, we held that the accused is not entitled to examine documents in the hands of the prosecution as a matter of right, but that the granting or denying of such inspection rests in the discretion of the trial court. This statement was amplified in a specially concurring opinion that said the court ought to exercise its discretion in such a manner as to assure a fair trial, neither granting to one party an unfair advantage nor placing the other at a disadvantage. The trial court's action will not be disturbed on appeal unless that discretion is abused. *State v. Beck*, 56 Wn. (2d) 474, 349 P. (2d) 387, 353 P. (2d) 429. And we recently held that the refusal of the trial court to order the prosecuting attorney to make available to the defendant the written statements of two indispensable witnesses was neither a denial of due process of law nor an abuse of discretion. *State v. Robinson*,

61 Wn. (2d) 107, 377 P. (2d) 248. Accord: *State v. Mesaros*, 62 Wn. (2d) 579, 384 P. (2d) 372.

■ Judicial discretion to grant or to deny the examination of the state's files in a criminal case is compounded of many things, among which are: timeliness of the application; time and opportunity of the defendant to prepare for trial; reactions and attitudes of witnesses if interviewed before trial; indications of prior inconsistencies in the testimony; surprise at the trial, which reasonable diligence in preparation would not have avoided; reasonable opportunity for examination and experiment by experts consistent with the preservation of the evidence; a clear showing of real danger to and concern for the personal safety of witnesses; needless damage to reputation; financial inability of the defendant to obtain technical and investigative aid; and any other considerations, the denial of which shows an unfair deprivation or the granting of which supports the ideal of substantive due process—all, of course, to be considered in keeping with the responsibility of the trial judge to control the pace of the trial and keep it moving at reasonable speed to its conclusion. When we review the actions of the trial court and weigh all of the things having any bearing on the refusal of appellant's motion to produce, we find nothing that points to an abuse of judicial discretion.

The second and remaining assignment of error concerns the admissibility of testimony given by one Vern Sheffert in rebuttal. Appellant had testified that on July 14, 1961—at the time the crime here charged was in progress—he was in Portland, Oregon, purchasing a bottle of liquor at Oregon State Liquor Store No. 20, located at Southwest 10th and Salmon Streets. Mr. Sheffert testified that he was the manager of the store at the time involved, and that, to purchase a bottle of liquor, one must produce a state liquor permit and sign the sales slip. Over appellant's objection, he said that he had examined all of the sales slips for that particular day at that particular store. The signature of Donald Michael Gilman was not on any of them. On cross-examination, the witness testified that the sales slips were numbered, that

he personally had checked each one, and that none was missing.

At the conclusion of Sheffert's testimony, he was directed to remain in attendance, and during recess the court informed appellant that the witness had brought with him all of the sales slips and that the slips were at the time in the witness' automobile. Appellant was asked if he wished the slips to be put in evidence, and he replied that he did not.

Appellant urges that the testimony of the witness Sheffert should have been rejected, and, having been received, should have been stricken as it was not the best evidence of what it purported to prove, *i.e.*, that the best proof of a writing's contents is the writing itself and that all other evidence for the same purpose is secondary.

We agree that the document itself is the best evidence of its contents (4 Wigmore on Evidence (3d ed.) § 1242), but we do not conceive the evidence given here to be for this purpose. Rather, its purpose was to show that no such document existed. That a negative may sometimes be proved by describing the results of a search of records and files is confirmed by Professor Wigmore when he says:

"On the other hand, the fact that an *entry* in a record or account-book *does not exist*, while in a sense it involves the document's terms, yet is *usually* and properly regarded as not requiring the books' production for proof; . . ." 4 Wigmore on Evidence (3d ed.) § 1244; and citing our decision in *Hoptowit v. Brown*, 115 Wash. 661, 198 Pac. 370, in support of the statement.

We note the word *usually* in the foregoing statement, for occasions may arise when the court, in the exercise of its discretion, will find that an examination of the same records and files by the adverse party should be allowed in the interest of fair play and substantive due process.

We considered the identical question in *State v. Stevens*, 135 Wash. 361, 237 Pac. 723, a criminal case involving larceny by bank checks. A bank cashier testified that he had examined the records and files of the bank and that the accused had closed his account prior to the date of the check. He said that, as of the date of the check, the accused

had neither an account nor funds on deposit with the bank. In discussing the defendant's argument that the bank cashier's testimony was not competent and that the books of the bank were the best evidence to prove lack of funds, we said:

" . . . But the argument mistakes the rule. It is the rule, no doubt, that books of account are the best evidence of the matters which they contain, but where the inquiry is as to the state of the account of a depositor with the bank they are not necessarily the best evidence. It is competent to show by oral testimony that a person has a deposit with a bank, or has had such a deposit and has withdrawn it, regardless of the condition of the bank's books, and any person who knows the fact and is otherwise competent to be a witness may testify orally thereto. Indeed, books of account have ever been regarded as a species of secondary evidence, admitted as primary evidence because of the necessities of the case, and are not held to preclude other competent evidence of the same fact. Greenleaf on Evidence (14th ed.), § 117; 16 C.J., p. 615; *Elderkin v. Peterson*, 8 Wash. 674 (1.c.685), 36 Pac. 1089; *Hull v. Seattle, Renton & Southern R. Co.*, 60 Wash. 162, 110 Pac. 804; *Halverson v. Seattle Electric Co.*, 35 Wash. 600, 77 Pac. 1058."

Accordingly, the judgment is affirmed.

OTT, C. J., HILL, ROSELLINI, and HUNTER, JJ., concur.