**People of the State of Illinois, Plaintiff-Appellee, v.
David Frank Dery, Defendant-Appellant.**

**Gen. No. 65–108.**

Second District.

August 2, 1966.

Rehearing denied September 19, 1966.

Robert P. O'Meara, of Waukegan, for appellant.

Bruno W. Stanczak, State's Attorney, of Waukegan, and Jack Hoogasian, Assistant State's Attorney, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Lake County. The defendant, David Frank Dery, in a single count was indicted for the offense of rape. Upon a plea of not guilty he was tried before a jury which found him guilty and was sentenced to from 25 to 45 years in the penitentiary.

The alleged offense occurred shortly after midnight on the morning of September 19, 1964. The evidence discloses that Valerie Orhn, the victim, was a single woman approximately 20 years of age; that she lived in the city of Waukegan in an apartment with a friend, Diane Kalla. Valerie had known the defendant for over a year and had on occasion dated him. Defendant lived in the same building as Valerie in the apartment upstairs from hers. On September 18, 1964, defendant called on Valerie at her apartment at about 9:30 p. m. The evidence discloses that from that time until about midnight the two drank together, both at Valerie's apartment and at other places in the Waukegan area. Shortly before midnight Dery started to drive Valerie home and when a few blocks from her apartment his car broke down. In walking to Valerie's apartment, they entered Powell Park at a point approximately 1½ to 2 blocks from her home. Valerie testified that while in the park, defendant struck her from behind, rendering her unconscious. She further testified that when she regained consciousness she was lying supine on the ground, the defendant on top of her. When she attempted to resist his attack, he struck her on the jaw and on the side of the chest. Diane Kalla, Valerie's roommate, testified

115

that somewhere between 12:30 and 1:30 she heard Valerie outside the apartment crying for help. She found Valerie attempting to crawl to the apartment. Valerie's jacket and slacks were torn, her clothes, shoes and purse were covered with mud. Her jaw and mouth were crooked and a tooth was missing. She was bleeding and hysterical. Diane asked Valerie what had happened and Valerie replied, "Dave raped me." Her physical condition at the time was substantiated by other evidence and witnesses. When defendant was arrested later in the morning of September 19, 1964, his right hand was swollen and bruised. The defendant did not testify in his own behalf, but through cross-examination of the State's witnesses and direct examination of defense witnesses, sought to show that Valerie had, when in the hospital, stated to one of the defense witnesses that Dery had not raped her. The defense also tried to show that an intimate relationship existed between Valerie and the defendant and that Valerie frequently became intoxicated. While the defendant was awaiting trial, he escaped from the Lake County jail on January 1, 1965. He was apprehended in Florida on January 13, 1965, re-escaped and was again apprehended on January 15, 1965. Thereafter he was returned to Waukegan and the trial commenced on January 26, 1965.

■ ■ One of the issues presented for review is whether the trial court erred in denying defendant's motion for a change of place of trial, filed pursuant to Code of Criminal Procedure, Ill Rev Stats, c 38, par 114–6 (1965). The affidavit in support of the motion sets forth that a jailbreak involving three men occurred, the defendant being one of those involved. That as a result of this occurrence defendant received wide publicity from the press, radio and television. The affidavit concludes that this publicity characterized the defendant as a rapist, jailbreaker, brutal and reckless, and a criminal type; and there exists such prejudice on the part of

116

the inhabitants of the County that the defendant cannot receive a fair trial. The Sheriff of Lake County filed a counteraffidavit to the effect that various persons that he contacted were unaware of the defendant's participation in the escape. The defendant's affidavit did not set out what was published nor were any facts included which tended to show a prejudice on the part of the inhabitants of the County. The foregoing encompasses all of the information furnished to the trial judge to decide the motion. A portion of the voir dire examination of several veniremen appears in the abstract and it indicates that all or some of the members of the panel were aware of the jailbreak from the publicity. However, from the answers given it does not appear that prejudice existed from the mere knowledge gained from the news media. There is no direct evidence of prejudice nor were any copies of publications denouncing the defendant offered. The inquiry of the court on such a motion is directed to a question of fact whether there are reasonable grounds for fear that prejudice actually exists and that the defendant will not receive a fair and impartial trial. The mere fact that the news media gave publicity to the escape does not in itself establish that there existed a prejudice against the defendant by the inhabitants of the County. There is nothing contained in the record which could substantiate such an assumption. The trial court did not err in denying the motion. The People v. Allen, 413 Ill 69, 74, 75, 107 NE2d 826.

 Defendant next complains that the court abused its discretion in not granting defendant's motion for a continuance. Defendant argues (1) because of his absence from the State from January 1 to January 18, 1965, the period of his freedom as an escapee, his counsel, who was engaged in other trials on his return, did not have adequate time to prepare his defense, and (2) defendant was entitled to a continuance because the Peo-

117

ple served him with a list of additional witnesses on the eve of the trial. In determining whether the granting or refusal of a continuance is a reasonable exercise of discretion, the situation must be viewed as it was presented to the trial judge at the time. The People v. Poland, 22 Ill2d 175, 178, 174 NE2d 804. Here, any inability of the defendant's counsel to properly prepare for trial appears to have resulted from the acts of the defendant himself, and he may not therefore urge such as grounds for reversal. The People v. Solomon, 24 Ill 2d 586, 590, 182 NE2d 736. There is no assertion by defendant that the testimony of any of the witnesses whose names were furnished on the eve of trial either surprised or prejudiced him, or that the continuance to permit him additional time to interview these witnesses would have aided him. The People v. Weisberg, 396 Ill 412, 420, 71 NE2d 671. The matter of a continuance is within the sound discretion of the trial judge and we find no abuse of this discretion. People v. Sauber, 68 Ill App2d 133, 141, 214 NE2d 918.

▪ In the words of the indictment, the defendant was charged with the offense of rape on the "nineteenth day of September, in the Year of Our Lord One Thousand Nine Hundred and Sixty-four, in said County of Lake." It is argued that the People did not specify the time and place of the offense as definitely as could have been done, and that the failure of the trial court to sustain a Motion to Quash the indictment was reversible error. The defendant, on the same date, moved for a Bill of Particulars, to which the People replied specifying the time and place of the occurrence. In The People v. Blanchett, 33 Ill2d 527, 534, 212 NE2d 97, and People v. Petropoulos, 59 Ill App2d 298, 316, 208 NE2d 323, it was held that such omission does not offend due process and that the indictment sufficiently complies with the Code of Criminal Procedure of 1963, c 38, par 111–3(4). The indictment here alleged the offense and the

defendant did receive a Bill of Particulars, consequently the trial court did not err in denying the Motion to Quash.

 Statements made by Valerie to her friend and roommate, Diane, a few minutes after the assault in the park, which is located immediately behind the girls' home, were objected to. Diane heard a rustling and saw someone crawling up the hill alongside the home. She observed Valerie's physical condition, disheveled and torn clothing stained with mud and blood, and inquired, "What happened?" Valerie answered, "Dave raped me." Defendant concedes that such complaint is admissible but contends that any details of the transaction and the name of the person charged are not, citing The People v. Fryman, 4 Ill2d 224, 228, 122 NE2d 573. The People v. Damen, 28 Ill2d 464, 471, 193 NE2d 25, clarifies the confusion that existed in this area, stating that the three factors necessary to bring a statement within this exception to the hearsay rule are: "(1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence." In the Damen case, where a police officer inquired "What happened?" and the complainant replied, stating what had occurred and the statement was made shortly after the occurrence, the court held the statement to be a spontaneous declaration and admissible in full. While the contents of a spontaneous declaration may be shown in toto, proof of complainant's statement which fails to qualify as a spontaneous declaration because of lapse of time is, we believe, best restricted to the fact that a complaint was made with only such additions as may be necessary to identify the event as the one before the court. However, we conclude that the circumstances testified to by Valerie constituted a spontaneous declaration and were admissible in full.

119

In the cross-examination of one of the defense witnesses, the State asked if he had been convicted of petty larceny. Before the question was answered, an objection was made, and sustained, and the jury instructed to disregard the question and the subject matter thereof. In view of all the evidence, we do not feel that this occurrence could have prejudiced the defendant, and it does not constitute reversible error.

The State introduced photographs of the defendant showing him facing a wall with his hands above his head, showing his lower forearms and hands. The photographs were taken in the police station on the morning of the defendant's arrest. In addition to portraying the abrasions and swelling of his right hand, the photographs show some rather inartistic tattoos. Defendant cites no authority to sustain his position that by showing more than just his hands, these photographs were rendered inadmissible. We do not believe that these exhibits were prejudicial.

We do not believe that the trial court abused its discretion in not permitting defendant to bring in evidence of his intimacy with the complaining witness on prior occasions and of her drinking or her habits when drunk. The evidence sought to be brought into the record by defendant was not pertinent to the issues before the court.

Finally, it is asserted by the defendant that the evidence is not sufficient to sustain the verdict. We have briefly outlined the evidence adduced and it is apparent that there was ample evidence to justify the finding by the jury of the defendant's guilt. On such a record we will not substitute our judgment for that of the trial court and jury who heard the facts and saw the witnesses. The record contains no evidence contradicting Valerie's declaration of the attack and her bruised physical condition stands as mute evidence to support her testimony. The People v. Hiller, 7 Ill2d 465, 470,

131 NE2d 25. In determining the record is free from prejudicial error, the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and DAVIS, J., concur.