[No. 904-2. Division Two. February 4, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD G. KRAUSSE, *Appellant*.

*Edward T. Shaw* (of *Shaw & Holm*), for appellant.

*Byron McClanahan, Prosecuting Attorney,* and *Gary P. Burleson, Deputy,* for respondent.

PEARSON, C.J.—Defendant, Richard G. Krausse, was convicted of rape by a Mason County jury. He appeals from a judgment and sentence thereafter entered.

Three assignments of error relate to the refusal of the trial court and the prosecutor to allow defense counsel access to written statements signed by the two victims following interrogation by the prosecutor and the sheriff during the investigatory stages of the case. One assignment of error relates to the refusal of the trial court to allow defendant's counsel the right to cross-examine the victim concerning these pretrial statements.

We first consider the refusal of the trial court to allow discovery of the signed statements of the two victims taken by the prosecuting attorney and other law enforcement officers while the crime was under investigation. At the time of the trial the new criminal rules, effective July 1, 1973, were not in effect. CrR 4.7(a)(1)(i) and (ii) now require disclosure of this type of statement, subject only to protective orders or "as to matters not subject to disclosure."

■ Prior to the adoption of these rules, the trial court had inherent power to compel discovery of this type in a criminal proceeding and was encouraged but not compelled

to allow it. *State v. Mecca Twin Theater & Film Exchange, Inc.*, 82 Wn.2d 87, 507 P.2d 1165 (1973). *See generally* 7 A.L.R.3d 8 and 181 (1966); *State v. Mesaros*, 62 Wn.2d 579, 384 P.2d 372 (1963).

In *State v. Gilman*, 63 Wn.2d 7, 385 P.2d 369 (1963), the Supreme Court enumerated many factors to be considered by the trial court in the exercise of judicial discretion. We have considered those factors in the context of this case and conclude that no manifest abuse occurred here.

One of the factors which weighs heavily in favor of the trial court's ruling was that defendant's trial counsel[1] was present in court when Richard Albert Dobrenz stood trial on a charge of raping one of the two teenage victims. That charge stemmed from the same occurrence for which defendant was charged. The Dobrenz trial took place immediately prior to defendant's trial. The state's case, including the testimony of the two victims, was presented in full and all witnesses were subject to cross-examination by counsel for Dobrenz (not the same counsel that represented defendant in the trial of this case). We are informed that the Dobrenz case ended in a mistrial because of error which occurred during cross-examination of the state's final witness. Nevertheless, defendant's counsel had an advantage which was, we think, at least the equivalent of pretrial discovery depositions of all of the witnesses used by the state in its case against the defendant.

Under these circumstances, we do not find a manifest abuse of discretion in the refusal to allow discovery of those pretrial statements. *State v. Robinson*, 61 Wn.2d 107, 377 P.2d 248 (1962).

Before leaving this issue, we are compelled to comment upon certain statements made by the prosecuting attorney to the trial court during argument of this motion to allow discovery. On two separate occasions, counsel advised the trial court[2] that he would go to jail rather than supply

---

[1] Not the same counsel who represents defendant on appeal.

[2] The trial judge to whom these statements were made was not the same judge who presided over the trial.

copies of the statements to defense counsel. We are not persuaded that these comments influenced the trial court's exercise of discretion, since the court advised the prosecutor that defendants were entitled to see the signed statements if the court should order it.

However, those comments of the prosecutor were blatantly contemptuous and are not to be condoned. The prosecuting attorney is an officer of the court whose duties not only extend to the court and the public, but to the defendant as well. The orderly administration of justice requires that all counsel abide by orders of the trial court without making threats in advance of a ruling that if adverse, the order will be disobeyed. In our view, the trial court exercised extreme patience in the face of these statements and would have been fully justified in taking appropriate action of a disciplinary nature. We trust that such conduct will not occur in the future.

We now turn to the assertion that it was prejudicial error to deny defense counsel the right to cross-examine into the subject of the signed statements when the two young victims were on the stand. We have previously pointed out the desirability and necessity for allowing wide latitude to the defendant in cross-examination of essential prosecuting witnesses. *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970); *State v. Kimbriel,* 8 Wn. App. 859, 510 P.2d 255 (1973).

However, in both of those cases we indicated that the scope of cross-examination is discretionary. Appellate courts should not disturb the trial court's determination of the boundaries of cross-examination, unless there is a manifest abuse of discretion. *State v. Robinson, supra.*

In *State v. Tate, supra,* and *State v. Kimbriel, supra,* the credibility of the prosecuting witnesses was crucial to a determination of guilt or innocence, and we held the restriction imposed upon the right of cross-examination was prejudicial error. In the instant case, the limitation on the right of cross-examination pertained only to the signed

statements which the two victims had given to the authorities. Cross-examination of the recipients of those signed statements was not unduly restricted. Consequently, the credibility of the victims could be tested in that manner.

Furthermore, it is extremely doubtful that the credibility of the two young victims played an essential part in the conviction which resulted. There was no question that both victims had been subjected to a brutal assault after having been picked up as hitchhikers near Aberdeen by defendant and his companion, Dobrenz. They were driven to a secluded and remote area more than 20 miles from Aberdeen, after being informed that the route was a shortcut to Seattle.

Defendant admitted his participation in this venture down to the point of abandoning the girls that night in a remote, wooded, wilderness area. Thereafter, the girls, as they were walking out of the area, were ambushed by two men identified by the victims as Dobrenz and defendant. Even if we were to assume that defendant's identity was somewhat obscured by darkness of the night, his fingerprints were on a beer bottle discovered by the police at the precise scene of the criminal assault. In fact the beer bottle containing defendant's fingerprints and another bottle were discovered side by side in an upright position. Those bottles bore lot numbers that corresponded with others found in the area where the girls had left the car, and also corresponded with numbers on the case purchased by the defendant earlier in the evening.

With this corroborative evidence identifying defendant as one of the assailants, we do not think prejudicial error occurred by the ruling in which cross-examination into the statements was precluded. In other words, had defendant succeeded in developing some inconsistencies from the testimony of these witnesses pertaining to identification of the defendant, we conclude that "the 'minds of an average jury' would not have found the State's case significantly less persuasive . . ." *See Schneble v. Florida*, 405 U.S. 427, 432, 31 L. Ed. 2d 340, 345, 92 S. Ct. 1056 (1972).

It should again be mentioned that each of the witnesses with whom the victims came in contact following the assault was examined and cross-examined on the version related to them by the girls shortly after the crimes were committed. Defendant was allowed ample latitude in cross-examination of these witnesses.

In this context, it is our view that any error in denying the cross-examination was not prejudicial to the extent of depriving defendant of a fair trial.

Judgment affirmed.

PETRIE and ARMSTRONG, JJ., concur.