[No. 1865–3.   Division Three.   April 1, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE A. PRICE, *Appellant.*

248

*Willis, McArdle, Dohn & Talbott* and *Alan D. Campbell,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Michael J. McGuigan, Deputy,* for respondent.

MUNSON, C.J.—George A. Price appeals his conviction of indecent liberties under RCW 9.79.080(2),[1] after trial to

---

[1] RCW 9.79.080(2) states:

"(2) Every person who takes any indecent liberties with or on the person of any child under the age of fifteen years, or makes any indecent or obscene exposure of his person, or of the person of another, whether with or without his or her consent, shall be guilty of a felony, and shall be punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year." (Repealed as of July 1, 1976, RCW 9A.98.010(207).)

the court in November 1975. His appointed counsel on appeal filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and *State v. Borsey,* 6 Wn. App. 482, 494 P.2d 225 (1972), pointing out possible errors committed by the trial court and moving to withdraw as counsel on appeal. The defendant filed a supplemental brief. We affirm and grant counsel's motion to withdraw.

Defendant contends that the trial court erred in limiting his cross–examination of the victim. His attorney attempted to question the victim, a 13–year–old female, as to her past sexual behavior, purportedly to show (a) that Price was not the initiator of the actions and (b) her motivation for testifying against Price.

█ It is immaterial whether Price was the initiator of the actions; intent is not an element of indecent liberties, *State v. Haywood,* 2 Wn. App. 109, 466 P.2d 859 (1970).

█ Prior to the enactment of RCW 9.79.150, defense counsel was allowed great latitude in cross–examining the victim relative to motive or credibility. *State v. Peterson,* 2 Wn. App. 464, 469 P.2d 980 (1970); *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970). RCW 9.79.150(2) and (3),[2] effective 1975, specifically prohibit cross–examination of a sex crime victim as to her past sexual behavior in order to show credibility. Cross–examination as to the victim's past sexual behavior as it may relate to motivation is still allowed. The extent of that cross–examination is a matter left to the court's discretion, particularly as to collateral matters that would affect the weight of the witness' testimony. *See State v. Battle,* 16 Wn. App. 66, 553 P.2d 1367 (1976).

---

[2] "(2) Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on the issue of credibility and is inadmissible to prove the victim's consent except as provided in subsection (3) of this section, but when the perpetrator and

Under RCW 9.79.080, repealed as of July 1, 1976, consent, a determination of who was the initiating party, or the victim's motive for testifying are not at issue. The only issue is whether conduct sufficient to constitute indecent liberties took place. The trial court did not abuse its discretion in denying the cross–examination. *State v. Krausse,* 10 Wn. App. 574, 519 P.2d 266 (1974).

■ ■ Defendant contends, in his supplemental brief, that he was not given the best defense possible because a total of three attorneys handled his case, rather than having only his trial attorney represent him from the initial filing through the appeal.[3] The defendant's allegation that one attorney should have handled the case during all the proceedings is not well taken. The court has the right to appoint counsel for indigent defendants, without first consulting such indigents; there is a presumption that when the court appoints experienced counsel, such counsel is competent. *State v. Bradley,* 175 Wash. 481, 27 P.2d 737 (1933); CrR 3.1; CAROA 46, 47. After considering the entire record, both at the trial level and on appeal, we conclude that the defendant was afforded an effective and competent representation at both levels, was given a fair and impartial trial, and received fair and impartial treatment on appeal. *Cf. State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967).

■ Defendant next contends that error was committed by allowing Judge Hettinger to remain as the trial judge

---

the victim have engaged in sexual intercourse with each other in the past, and when the past behavior is material to the issue of consent, evidence concerning the past behavior between the perpetrator and the victim may be admissible on the issue of consent to the offense."

"(3) In any prosecution for the crime of rape or for an attempt to commit, or an assault with an intent to commit any such crime evidence of the victim's past sexual behavior including but not limited to the victim's marital behavior, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is not admissible if offered to attack the credibility of the victim and is admissible on the issue of consent only pursuant to the following procedure:"

[3]One attorney was appointed to pursue this appeal, was relieved, and the present appellate counsel appointed.

after he had ruled at a pretrial hearing that defendant's polygraph test would be inadmissible. This issue was not raised at trial, but is considered because it relates to defendant's constitutional right to a fair trial. *Cf. State v. Madry,* 8 Wn. App. 61, 504 P.2d 1156 (1972).

Our review fails to disclose any unfairness perceivable during the trial, in the court's oral opinion, or at sentencing that relates to the fact the same judge ruled on the admissibility of the polygraph examination. The defendant did admit, at trial, to an incident of touching the victim's bosom several days earlier, but the judge did not convict the defendant for that incident. This issue is not well taken.

Even though refuted by both the defendant and his wife, the victim's uncorroborated testimony was sufficient to present the question of defendant's guilt or innocence to the trier of fact. *State v. Johnson,* 9 Wn. App. 766, 514 P.2d 1073 (1973).

After reviewing the entire record, we find no error. Defendant's counsel has complied with *Anders v. California, supra,* and *State v. Borsey, supra,* and his motion to withdraw is granted.

Affirmed.

GREEN and McINTURFF, JJ., concur.

Petition for rehearing denied May 2, 1977.