(580 P.2d 1370)
No. 49,377

In the Interest of Lawrence D. Nichols, A Minor Child Under
18 Years of Age.
Petition for review denied September 13, 1978.

Opinion filed July 14, 1978.

*S. Richard Mellinger* of Roach & Mellinger, of Emporia, for the appellant.

*Jay W. Vander Velde,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before Meyer, P.J., Abbott and Swinehart, JJ.

Swinehart, J.: This is an appeal from an adjudication of delinquency on two counts: (1) assisting another in the commission of rape (K.S.A. 21-3502 and 21-3205), and (2) aggravated burglary (K.S.A. 21-3716).

The appellant Nichols alleges that the trial court erred by refusing to admit into evidence his testimony which related to the prior sexual conduct of the rape victim, both with the accused and another person. The trial court, after a pretrial hearing as provided by K.S.A. 60-447a, denied the accused the opportunity to present evidence that for several months prior to this incident the accused and the complaining witness had intercourse on a regular basis, and that they had enjoyed "rough sex," *i.e.,* wrestling, etc. Further, the accused was denied the opportunity to present evidence which showed the method used by the parties to set up their sexual escapades; *i.e.,* that the accused would come to the trailer home, flash his automobile lights, and tap on the complainant's bedroom window. If the complainant's mother was

home, he would receive a signal not to come in. If she was not home, the door of the trailer would be unlocked and he would then open the door and enter the trailer. The trial judge also excluded evidence tending to show that the complaining witness had intercourse with another boyfriend a few hours prior to this incident.

Briefly, the facts are that the accused, in the company of two young men, came to the complainant's home during the evening in question. When they did not receive the signal that the victim's mother was home, they entered the trailer. The accused had sexual intercourse with the complainant, as he testified, and further, by force he assisted his two companions in having intercourse with the complainant.

This case, questioning the constitutionality and the application of K.S.A. 60-447a is one of first impression with the Appellate Courts of Kansas. K.S.A. 60-447a is as follows:

"**Evidence of previous sexual conduct in prosecutions for certain sex offenses; motions; notice.** (1) Except as otherwise provided in subsection (2), in any prosecution for the crime of rape, as defined by K.S.A. 21-3502, or for aggravated assault with intent to commit rape, as provided in K.S.A. 21-3410, or for an attempt to commit rape, as provided in K.S.A. 21-3301, or for conspiracy to commit rape, as provided in K.S.A. 21-3302, evidence of the complaining witness' previous sexual conduct with any person including the defendant shall not be admissible, nor shall any reference be made thereto in the presence of the jury, except under the following conditions: A written motion by the defendant shall be made at least seven days before the commencement of the trial to the court to admit evidence or testimony concerning the previous sexual conduct of the complaining witness. The seven-day notice required herein may be waived by the court. The motion shall state the nature of such evidence or testimony and the relevancy thereof, and shall be accompanied by an affidavit in which an offer of proof of such previous sexual conduct of the complaining witness is stated. The court shall conduct a hearing on the motion in camera. At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the previous sexual conduct of the complaining witness is relevant and is not otherwise inadmissible as evidence, the court may make an order stating what evidence may be introduced by the defendant and the nature of the questions to be permitted. The defendant may then offer evidence and question witnesses in accordance with the order of the court.

"(2) In any prosecution for a crime designated in subsection (1), the prosecuting attorney may introduce evidence concerning any previous sexual conduct of the complaining witness, and the complaining witness may testify as to any such previous sexual conduct. If such evidence or testimony is introduced, the defendant may cross-examine the witness who gives such testimony and offer relevant evidence limited specifically to the rebuttal of such evidence or testimony introduced by the prosecutor or given by the complaining witness.

"(3) As used in this section, 'complaining witness' means the alleged victim of any crime designated in subsection (1), the prosecution of which is subject to this section."

First, we must determine the scope of appellate review of orders made by a trial court when applying K.S.A. 60-447a. Because the statute makes relevancy the touchstone of admissibility of the evidence, the same standard of review applies to decisions made under this statute as applies to appellate review of any other question involving the relevancy of evidence: decisions regarding the relevancy of evidence rest within the sound discretion of the trial court, and the trial court's decision should not be set aside absent a showing of abuse of discretion. See *State Highway Commission v. Lee,* 207 Kan. 284, 291, 485 P.2d 310 (1971), and *State v. Gonzales,* 217 Kan. 159, 161, 535 P.2d 988 (1975).

On appeal, the defendant argues that K.S.A. 60-447a is unconstitutional. He contends that the Kansas rape shield statute effectively denies his right to confront witnesses against him, as guaranteed by the Sixth Amendment of the United States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution.

The Sixth Amendment of the United States Constitution and its Kansas counterpart encompass two rights that are at issue here: the right of the accused to cross-examine witnesses against him and the right to present witnesses in his behalf. In *Pointer v. Texas,* 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065 (1965), the United States Supreme Court recognized that the right to cross-examine is inherent and essential under the Sixth Amendment and is made applicable to state proceedings through the general requirements of due process under the Fourteenth Amendment. In *Washington v. Texas,* 388 U.S. 14, 18 L.Ed.2d 1019, 87 S.Ct. 1920 (1967), the Court held that the Sixth Amendment also includes the right to present witnesses to establish a defense, and that this right was guaranteed to defendants in state proceedings through the Fourteenth Amendment. The fundamental, essential nature of these rights was stressed recently in *Chambers v. Mississippi,* 410 U.S. 284, 35 L.Ed.2d 297, 93 S.Ct. 1038 (1973).

A recent Supreme Court case holds that a state's juvenile shield law, designed to preserve the confidentiality of a juvenile's record, must yield to an accused's Sixth Amendment rights. *Davis v.*

*Alaska,* 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105 (1974). The Kansas Supreme Court has reached the same conclusion when facing the identical question. *State v. Wilkins,* 215 Kan. 145, 523 P.2d 728 (1974). It has been pointed out that such cases provide a useful analogy for considering the constitutionality of a rape shield law, for both rape shield statutes and juvenile shield statutes are designed to protect interests not directly related to the search for truth. Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom,* 77 Colum. L. Rev. 1 (1977).

Although the cases discussed above provide useful insights into the balancing process in which courts must engage when assessing the strength of the state's asserted interest in shielding an individual (whether it be a juvenile or a rape victim), and, in addition, serve to emphasize the extreme importance of the defendant's right of confrontation, they are not determinative of the defendant's challenge to K.S.A. 60-447a. The Kansas rape shield statute can be distinguished from the juvenile shield laws discussed above in one very important respect: the juvenile shield laws categorically prohibit the introduction of evidence of the juvenile record, whereas the Kansas rape shield statute would allow evidence of the victim's prior sexual conduct if it is proved relevant to any fact at issue, such as the identity of the rapist, the consent of the victim, and whether or not the defendant actually had intercourse with her. The Kansas statute merely serves to focus both judges' and attorneys' attention upon the fact that the victim's prior sexual activity is not generally relevant, reminding them that a victim's lack of chastity has no bearing whatsoever on her truthfulness and generally has no bearing on the important issue of consent.

The Kansas statute does not offend the constitutional guarantees afforded an accused by the Sixth Amendment. Although the defendant's interest in cross-examining witnesses against him and in presenting witnesses in his behalf is undeniably a fundamental one, the Sixth Amendment does not require that the defendant be permitted to introduce *all* the evidence he wishes or to cross-examine a witness against him in any manner he pleases. The defendant's Sixth Amendment rights are subject to the same evidentiary rules as all other evidence. The threshold question for the admissibility of evidence is *relevancy.* The Kansas statute does not undermine the defendant's right to present relevant

evidence regarding the victim's prior sexual conduct. It only requires that there be a pretrial determination of the relevancy of that evidence. The slight inconvenience to the defendant's Sixth Amendment rights occasioned by K.S.A. 60-447a's requirement of a pretrial determination of relevancy does not outweigh the state's interest in protecting the rape victim from unnecessary embarrassment at trial. The state's interest in protecting the victim is strong. It must be recognized that a rape victim suffers considerable trauma from the incident and that adding to her trauma by permitting untrammeled examination of the intimate details of her life is unnecessary. The statute serves another interest beyond that of protecting the victim: encouraging rape victims to report and aid in the prosecution of the crime. Most authorities agree that only a very small percentage of rapes are reported and that far fewer result in criminal charges. At least part of the victims' reticence in aiding in the prosecution of their attackers stems from the system's perceived hostility to the rape complainant, coupled with the singular shame of sexual assault. (Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom,* supra, pp. 5-6.)

Since the statute permits the admission of the evidence when it is truly relevant, excluding it only when and to the extent that it is irrelevant, the statute is constitutional. It is well suited to protecting the defendant's constitutional rights, the victim's interest in keeping her private life private, and the state's interest in conducting rape trials without the obstruction of irrelevant and inflammatory evidence. The pretrial mechanism created by K.S.A. 60-447a for determining the relevance of such evidence is admirably suited to striking a balance between these conflicting interests.

The defendant argues that even if the statute is found to be constitutional, it was unconstitutional as it was applied to him. The defendant sought to introduce evidence of his prior sexual relationship with the prosecutrix, as well as evidence that she had engaged in sexual intercourse with her boyfriend earlier that evening. By this evidence the defendant hoped to prove that the prosecutrix had consented to have intercourse with him that evening, and that he did not have the intent to commit a felony when he entered the trailer, which is a necessary element of burglary.

Considering first the defendant's specific allegation that the court erred in excluding evidence that the victim had engaged in sexual intercourse with her boyfriend a few hours prior to the incident, it is obvious that the trial court correctly determined that this evidence had no relevance to any issue. The defendant admitted that he had intercourse with the victim and the testimony shows that at least one of the defendant's friends had intercourse with her. Thus, showing that the semen which medical evidence proved was present came from another source would have no relevance.

The question of the admissibility of the evidence of her prior consensual activities with the defendant, particularly as regards the rough type of sex that they enjoyed, is more difficult. The defendant wished to introduce this evidence to prove that she consented on this occasion also, or that he thought she did, and that he thought her struggles on the evening in question were merely her normal sex play. While it may be conceded that often the victim's prior conduct with the defendant would be relevant to the consent issue and therefore should be admitted under K.S.A. 60-447a, it does not appear that the trial court abused its discretion in excluding the evidence under the special circumstances of this case. It must be remembered that the defendant arrived at the victim's trailer in the company of two friends. It does not appear that the trial court acted capriciously in determining that the defendant should not have presumed that her prior consensual activity with him alone would imply her consent to having intercourse with his friends, or even to having intercourse only with him, but in the presence of his friends.

We can find no abuse of discretion in the trial court's ruling excluding the proffered evidence for purposes of defending against charges of rape (K.S.A. 21-3502) and aiding and abetting another in the commission of a crime (K.S.A. 21-3205). The judgment of guilty for the violation of K.S.A. 21-3502 and K.S.A. 21-3205 is therefore affirmed.

However, we do find that the defendant should have been permitted to introduce evidence of their prior sexual activities for the limited purpose of disproving the element of intent to commit a felony on the aggravated burglary charge (K.S.A. 21-3716). Burglary is a specific intent crime, and requires a greater degree of proof to establish the intent than does a general intent crime

(such as rape), where the requisite intent may be established by merely showing that the accused acted wilfully and wantonly (K.S.A. 21-3201). Also, it should be noted that K.S.A. 60-447a does not list burglary as one of those crimes for which prior sexual conduct is presumed to be irrelevant. The trial court's decision to exclude the controverted evidence for purposes of the burglary charge constituted prejudicial error. The judgment of guilty of aggravated burglary is hereby set aside and a new trial is ordered.

The judgment of the trial court is affirmed in part and reversed in part.