STATE OF NEBRASKA, APPELLEE, v. GAYLORD MASON, APPELLANT.

271 N. W. 2d 470

Filed November 15, 1978. No. 41893.

T. Clement Gaughan, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Robert F. Bartle, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

Defendant was found guilty by a jury of the crime of sexual assault of the first degree and was sentenced to a term of 5 to 8 years in the Nebraska Penal and Correctional Complex. On appeal to this court, he makes and argues three assignments of error: (1) He was denied a fair trial because the trial court sustained the State's objection to the defendant's proposal to cross-examine the prosecutrix and a physician, called as a witness by the State, concerning the presence of an intrauterine device (hereafter IUD) detected by the physician during the course of a pelvic examination shortly after the assault. (2) The evidence was insufficient to sustain the verdict. (3) The sentence imposed was excessive. We affirm.

We treat the assignments in order. Pursuant to the provisions of section 28-408.05 (3), R. R. S. 1943, the court held an in camera hearing to determine whether inquiry would be permitted concerning the use by the prosecutrix (hereinafter P.) of an IUD and held that inquiry could not be made. Section 28-408.05 (3), R. R. S. 1943, provides: "(3) Specific instances of prior sexual activity between the victim and any person other than the defendant shall not be admitted into evidence in prosecutions under sec-

tions 28-401, 28-408.01 to 28-408.05, 28-409, and 28-929 unless consent by the victim is at issue, when such evidence may be admitted if it is first established to the court at an in camera hearing that such activity shows such a relation to the conduct involved in the case and tends to establish a pattern of conduct or behavior on the part of the victim as to be relevant to the issue of consent." The State's theory is that inquiry concerning the IUD constituted an inquiry into the sexual activity of P. with persons other than the defendant and the evidence would not support a finding of the necessary pattern of conduct relevant to the issue of consent. The defendant does not contend that the finding of the court is erroneous on that point, but argues that the presence of the IUD tends to contradict P.'s testimony that she was frightened and hysterical at the time of the incident and therefore was relevant on the issue of her general credibility and the proposed cross-examination did not constitute a specific inquiry into her past sexual activity within the meaning of the statute.

P. acknowledged before the jury that she had had sexual intercourse several months previously with a boyfriend who did not reside in the city of Lincoln where the assault occurred. No other evidence was introduced to show any pattern of prior sexual activity. We do not believe that the statute and the evidence can be dissected as the defendant contends. If relevant at all, the evidence concerning the presence of the IUD was relevant on the issue of consent. Absence of fright or hysteria are relevant only because they would bear upon the issue of P.'s consent to intercourse. It seems obvious to us that the proposed inquiry did relate to prior sexual activity and came within the terms of the statute. We hold that the trial court did not abuse its discretion in excluding the proffered evidence. The determination of the admissibility of evidence of P.'s prior sexual activity must be determined in each case upon its own

circumstances. See United States v. Kasto, 584 F. 2d 268 (1978).

The argument that the conviction is not supported by the evidence has no merit. That argument is founded solely upon claimed contradictions and inconsistencies in the testimony of P. and the female friend who shared the apartment in which the assault happened. These raised only questions of credibility which were for the jury to decide. The defendant did not testify. P. testified that she submitted because the defendant threatened to cut and kill her. Her version of the offense was corroborated by her immediate complaint to her friend and by her emotional condition immediately after the event, by the results of medical examination, by a sizeable bruise upon her neck, and by other facts and circumstances. There is no question at all about the identity of the defendant as the person who committed the assault. The applicable rules are: "It is not essential that the prosecutrix be corroborated by other witnesses as to the particular acts which constitute the offense; it is sufficient if she is corroborated as to material facts and circumstances which tend to support her testimony as to the principal fact in issue." State v. Thompson, 198 Neb. 48, 251 N. W. 2d 387. Section 28-408.03, R. R. S. 1943, provides in part as follows: "(1) A person shall be guilty of sexual assault in the first degree when such person subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied . . ." This statutory rule seems but an adoption of the common law rule already applicable. We have previously held: "A victim of forcible rape is only required to make reasonable resistance in good faith under all the circumstances, and such that nonconsent and actual opposition are genuine and real." State v. Smith, 192 Neb. 794, 224 N. W. 2d 537.

The sentence of 5 to 8 years is not excessive. The

punishment prescribed by statute for the offense is imprisonment for not less than 1 year nor more than 25 years. § 28-408.03 (2), R. R. S. 1943. The evidence indicates that the victim was subjected to more than just forcible sexual penetration in the normal manner of sexual intercourse. She was also required to submit to various sexual perversions. The defendant apparently had prepared himself for commission of these acts by viewing visual demonstrations at a pornographic establishment in the city of Lincoln earlier in the evening and then deliberately went searching for a victim. We find no extenuating circumstance.

AFFIRMED.